# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES R. SMITH JR.,** | § | |
| **TDCJ No. 620944,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **FNU JARAMILLO,** | § | **SA-05-CA-0713 NN** |
| **RANDAL EASELEY,** | § | |
| **DUSTIN CLINKSCALE,** | § | |
| **JEFFREY MARTON,** | § | |
| **STEVEN CROOKS,** | § | |
| **JOHN DOES, Connally Gang Investigators,** | § | |
| **WALTER WARD,** | § | |
| **JIMMY BAGBY,** | § | |
| **QUIRINO MARISCAL,** | § | |
| **JOHN DOE, Ramsey Unit,** | § | |
| **RACQUEL HASKINS,** | § | |
| **JAMIE BAKER,** | § | |
| **BRUCE ZELLAR,** | § | |
| **JOE GRIMES,** | § | |
| **JOE NUNN,** | § | |
| **JOHN DOES, Huntsville Regional Offices,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before me is the status of the case.

Plaintiff Smith, a Texas Department of Criminal Justice (TDCJ) prisoner proceeding *pro se*, instituted this action pursuant to Title 42 U.S.C. § 1983 complaining his civil rights were violated on three separate occasions at three different TDCJ units.  Having reviewed plaintiff Smith's claims against the defendants, I find several of his claims fail to withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B) and are subject to summary dismissal at this time.

## I. **Jurisdiction**

This Court has federal question jurisdiction over well-pleaded claims under 42 U.S.C. § 1983, and 28 U.S.C. § 1331.

## II. **Statement of Facts**

The record shows that on July 25, 2005, plaintiff Smith filed a pro se civil rights complaint (docket entry no. 3) pursuant to 42 U.S.C. § 1983, against the named and unnamed defendants. The complaint consists of the standard civil rights form used in this district, a seven page self-styled addendum thereto, and approximately 65 pages of supporting documentation. Plaintiff Smith's complaint is three-fold. First, he asserts that while he was incarcerated at the Connally Unit, defendants Jaramillo, Easeley, Clinkscale, Warden Marton and unidentified John Does for the Gang Investigation Unit at the Connally Unit failed to follow TDCJ policy and protect him from being assaulted and injured by two alleged members of the Mexican Mafia on August 30, 2003. Second, he asserts that while he was incarcerated at the Ramsey Unit, defendants Crooks, Ward, and unidentified John Does of the Unit Classification Committee failed to follow TDCJ policy and protect him from assault on December 29, 2003. Third, he asserts that while he was incarcerated at the Bill Clements Unit, defendants Bagely, Marical, Haskins, Baker, Zellar, Grimes and Nunn failed to follow TDCJ policy and protect him from assault on March 16, 2005. Plaintiff Smith seeks compensation for the alleged injuries and mental suffering he received during the above assaults, as well as court costs, and he asks that any and all disciplinary proceedings he received that resulted from the above assaults to be dismissed. He also seeks an amendment to the Texas Department of Criminal Justice's policy

regarding the admittance of black persons to participate in the Gang Renouncement and Disassociation (GRAD) program.

On July 29, 2005, I directed plaintiff Smith to answer interrogatories which were designed to elicit specific detailed information about each of the assaults, the injuries he suffered during the assaults, the threats he received prior to the assaults, and whether he communicated the existence of the threats to the appropriate personnel at the TDCJ Unit where he was incarcerated, and how each defendant was personally involved in the matters of which he complained (docket entry no. 4).

With respect to the Connally Unit incident of August 30, 2003, Smith asserts that he initially orally informed defendants Easely and Clinkscale on August 10th that he feared a future attack from the Mexican Mafia and that they told him to file a Step 1 Grievance Form. Attached to his complaint, plaintiff Smith provided a copy of the Step 1 Grievance Form that he filed on or about August 10th–Step 1 Grievance Form # 2003224045. The document shows that it was received by Connally authorities on or about August 12th, and was returned to Smith on October 2, 2003. The copy of the grievance form that Smith submitted, however, is incomplete because it lacks the back side where the response from Connally administrators would be located. Regardless, plaintiff Smith claims the Warden Marton reviewed and denied his complaint. Plaintiff Smith's response to the interrogatories further claim that defendant Jaramillo conspired to harm him by instigating Mexican Mafia inmates to attack him, and that in response to her orchestrations, two Mexican Mafia inmates assaulted him on August 30th by stabbing him in the head. He claims that he communicated his fear of a future assault in his Step 1 Grievance and

3

that defendants Easely, Clinkscale, Marton, and unidentified John Does of the Connally Unit's Gang Investigation Unit  failed to protect him from the August 30th attack.

According to plaintiff Smith, he was transferred to the Ramsey Unit on October 28, 2003. He claims that upon his arrival at the Ramsey Unit he met with several John Does of the Unit Classification Committee and informed them that he had been attacked by the Mexican Mafia at the Connally Unit and that he had disassociated himself from the Mandingo Warrior Gang.  He claims the classification committee informed him that no active gang members were housed on the unit where he was to be housed and that he was placed in the general population.  According to plaintiff Smith, he was attacked in the chow hall on December 29, 2003, by a Mandigo Warrior named James.  He claims that during the attack, a previous laceration on his right ring finger was opened.  Plaintiff Smith admits he was charged and disciplined for his participation in this assault and subsequently found guilty of participating in a Mandingo Warrior riot.  The four sets of Step 1 and 2 Grievance Forms that Smith attached to his complaint regarding the alleged assault, show that Smith was disciplined in major disciplinary case # 2004126262 and found guilty of engaging in a fight on December 29, 2003, that created a danger to staff and other offenders.  Smith claims defendant Crooks witnessed the attack and filed a false report about the incident of December 29th and that this report contributed to his receiving a bogus disciplinary case against him.  He also claims defendants Crooks, Ward and several John Does of the Ramsey Unit's classification committee failed to protect him from injury on December 29, 2003.

According to plaintiff Smith he was then transferred to the Bill Clements Unit on November 4, 2004.  He claims that upon his arrival at the Bill Clements Unit he met with unidentified members of the unit's classification committee, defendants Grimes, Haskins, and

4

Bagley and discussed his "feel[ings] about gangs and active members" and his encounters/problems with the Mexican Mafia at the Connally Unit and the Mandigo Warriors at the Ramsey Unit.  Smith claims he was attacked on November 5, 2004, by his cell mate, Martinez, an active member of the Texas Syndicate.[1]  Smith further claims that on an unspecified date, he was approached by member(s) of the Mandingo Warrior gang and there was a discussion about Smith removing his Mandingo Warrior tattoo.  Smith claims he wrote letters, filed I-60s and other grievances about this encounter; and that he communicated his feelings about gangs and his desire to participate in the GRAD program.  Smith further claims that despite his pleas for protection and his request to be housed away from active gang members, he was stabbed in the eye and beaten in the head on March 16, 2005 by an active member of the Mandingo Warrior gang.  He claims that defendants Bagely, Marical, Haskins, Baker, Zellar, Grimes and Nunn failed to protect him from this attack.

Under the liberal pleading requirements for *pro se* litigants, I have liberally construed and evaluated plaintiff's claims as amended by his interrogatory responses.[2]  Although service on the defendants has issued, this opinion dismisses several defendants and identifies issues that may raise viable civil rights claims.  However, I express no opinion at this time as to whether plaintiff's claims will survive summary judgment and encourage the parties to submit summary judgment motions if appropriate.

---

[1]The nature of any injury from this assault is unclear.

[2]*Haines v. Kerner*, 404 U.S. 519 (1972) (holding pleadings of pro se litigant no matter how inartfully pleaded, are held to a less stringent standard than formal pleadings drafted by lawyers).

5

### III. <u>Standards and Analysis</u>

As noted above, and pursuant to his request, I granted plaintiff Smith leave to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915.  Section 1915(e)(2) authorizes dismissal of an *in forma pauperis* proceeding which is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Dismissal of a claim as frivolous is permissible when the complaint lacks an arguable basis either in law or in fact.  Federal courts are required to review a § 1983 complaint as soon as practicable after submission and dismiss a complaint which is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

A.      Title 42 U.S.C. § 1983

In order to obtain relief pursuant to 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by a defendant acting under color of state law.  Thus, insofar as a plaintiff complains that the defendants failed to comply with a variety of state statutes, state code provisions or state agency regulations, absent some showing that the defendants violated plaintiffs' <u>federal</u> constitutional rights, these complaints are insufficient as a matter of law to support a claim for relief under § 1983.  Consequently, a plaintiff's allegations that the defendants failed to comply with TDCJ rules and regulations, standing alone, fail to provide an arguable basis for recovery or for a finding that plaintiff is entitled to injunctive or declaratory relief under § 1983.

6

1.  Failure to Protect

Where a prisoner asserts that prison officers failed to protect him from the violence of other prisoners, the plaintiff must establish facts showing prison officers were on notice of a well-founded, particularized threat against the plaintiff and the prison officers failed to protect the plaintiff.  Facts sufficient to show a well-founded particular threat against the plaintiff may include evidence showing the plaintiff advised the prison officers of the identity of the potential assailants, or other facts lending credence to the plaintiff's claim he was threatened and needs protection.[3]   A prisoner's general claim that he was threatened, he reported the threat to prison officers without providing them sufficient details to act on, and that he was later assaulted, is not sufficient to proceed to trial on a failure to protect claim.[4]   Merely negligent failure to protect a prisoner from another is not sufficient to establish a Due Process violation.[5]   A prisoner has no protectable interest in his custodial classification and thus disagreement with a classification is not sufficient to establish a constitutional claim.[6]

To the extent plaintiff Smith names the John Does of the Connally Gang Investigation Unit, the John Doe(s) of the Ramsey Unit Classification Committee, the John Doe(s) of the Clements  Unit Classification Committee, and John Does of the TDCJ's Huntsville Regional Offices, I find plaintiff Smith's complaints about the actions and inactions of said unidentified

---

[3]*See Robinson v. Cavanaugh*, 20 F.3d 892, 894 (8th Cir. 1994) (affirming summary judgment on failure to protect claim where evidence showed plaintiff failed to advise guard of potential assailant's identity); *Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir. 1984) ("[t]he prisoner must identify who is threatening him to allow the corrections officers a reasonable opportunity to protect the threatened prisoner from harm").

[4]*See Id.; Neals v. Norwood*, 59 F.3d 530, 532-33 (5th Cir. 1995).

[5]*Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

[6]*Neals v. Norwood*, 59 F.3d at 533.

individuals to be frivolous.  To proceed under § 1983, plaintiff must *name* the defendants that were allegedly personally involved in the alleged constitutional violations.[7]  Despite having the opportunity to amend his complaint, plaintiff Smith still fails to name the specific individuals who were personally involved in the matters of which he complains and he fails to name individuals subject to service of process.  Accordingly, plaintiff's complaint is frivolous and the unnamed individuals are entitled to have the claims against them dismissed as frivolous and for failure to state a claim.

With respect to the named individuals, I find plaintiff Smith's claims against some of them deficient under § 1983 for additional reasons.  As noted above, to proceed under § 1983, plaintiff must not only name the defendants but also indicate how each was *personally* involved in the alleged constitutional violations.[8]  Despite having the opportunity to amend his complaint, plaintiff Smith still fails to show how several of the named defendants were *personally* involved in the matters of which he complains.  Below I address each incident and the defendants associated therewith.

With respect to the Connally Unit incident of August 30, 2003, I decline to dismiss plaintiff's failure to protect claims against defendants Jaramillo, Easely, Clinkscale, and Marton at this time. Once a complete copy of his Step 1 Grievance Form # 20033224045 is provided to me for review I can better evaluate his claim, and determine whether he clearly articulated his fear of a future attack by the Mexican Mafia in that grievance form.

---

[7]*Murphy v. Kellar,*  950 F.2d 290, 292 (5th Cir. 1992).

[8]*Id.*

With respect to the Ramsey Unit incident of December 29, 2003, I find Smith's claims that he warned either defendant Crooks or Ward of sufficient particular facts to show he needed protection deficient.[9]  To the contrary, Smith stated that he arrived at the Ramsey Unit on October 28, 2003, and that he met with unidentified members of the unit's classification committee, and discussed his attack by the Mexican Mafia at the Connally Unit and that he had disassociated himself from the Mandingo Warrior Gang.  Nothing in Smith's statement shows that he  communicated with defendants Crooks and Ward at anytime prior to the December 29, 2003 assault about his a fear of assault by a Mandingo Warrior gang member.  Smith has failed to show how either defendant was personally involved in failing to protect him from the December 29th assault.  Moreover, Smith does not state that he was even threatened at the Ramsey Unit prior to his assault on December 29, 2003.  Smith's claim that he was previously assaulted by the Mexican Mafia at the Connally Unit is not sufficient to support an inference he was under a similar threat at the Ramsey  Unit or that he would be assaulted by a Mandingo Warrior.  Therefore, Smith has failed to allege specific facts showing defendants Crooks and Ward had personal knowledge of an identifiable threat or risk to Smith, or that they were deliberately indifferent to a known threat.   Accordingly, Smith's generic complaints and speculations that defendants Crooks and Ward *personally knew or should have known* that he would be assaulted by a Mandingo Warrior while at the Ramsey Unit are without merit and are dismissed with prejudice as frivolous.

With respect to the Bill Clements Unit incident of March 16, 2005, I decline to dismiss plaintiff's failure to protect claims against defendants Bagely, Marical, Haskins, Baker, Zellar,

---

[9]*Cf., Neals v. Norwood, 59 F.3d at 532-33;  Robinson v. Cavanaugh, supra, Matzker v. Herr, supra.*

9

Grimes and Nunn at this time.  Smith claims he wrote letters, filed I-60s and other grievances about his fear of assault.  Until I can review the content of this documentation I am unable to assess the extent to which plaintiff articulated his fear of being harmed and whether or not the defendants had personal knowledge of an identifiable threat or risk to Smith or whether they were deliberately indifferent to a known threat.

2.      Violation of TDCJ Rules

        To the extent plaintiff Smith asserts that all of the  Defendants failed to enforce or comply with TDCJ-ID rules, I find he has failed to state a claim actionable under § 1983. The mere failure of prison officials to follow prison rules or regulations does not, without more, give rise to a constitutional violation.[10]  Accordingly, plaintiff Smith's claims against all of the Defendants for failing to follow TDCJ policy are without merit and are dismissed with prejudice as frivolous.

3.      Plaintiff Smith's Equal Protection Claim

        Review of plaintiff Smith's civil rights complaint shows that plaintiff Smith attempts to claim that the TDCJ has violated the Fourteenth Amendment's equal protection guarantee by only admitting White and Hispanic inmates into the Gang Renouncement and Disassociation (GRAD) program and by failing to admit him into the program.   Although I note plaintiff does not identify himself as part of a protected class, nor articulates how his rights and those of similarly situated individuals have been violated, I find dismissal of this claim inappropriate at this time and direct the parties to brief this issue if and when the parties file any summary judgment motions.

---

[10]*Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986); *Williams v. Treen,* 671 F.2d 892, 900 (5th Cir.1982).

## IV.  Conclusion

Accordingly, for the foregoing reasons it is hereby **ORDERED**:

1.  Plaintiff Smith's claims against all of the John Does of the Connally Gang Investigation Unit, the John Doe(s) of the Ramsey Unit Classification Committee, the John Doe(s) of the Clements  Unit Classification Committee, and John Does of the TDCJ's Huntsville Regional Offices are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

2.  Plaintiff Smith's failure to protect claims against defendant Crooks and Ward are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

3.  Plaintiff Smith's claims against all Defendants for failure to comply with TDCJ rules and policies are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

4.  Should the remaining Defendants (Jaramillo, Easely, Clinkscale, Marton, Bagby, Marical, Haskins, Baker, Zellar, Grimes and Nunn) file a Motion for Summary Judgment (due August 4, 2006), they are **ORDERED** to address the remaining failure to protect claims against them and Plaintiff Smith's equal protection violation claim.

It is so **ORDERED**.

**SIGNED** on July 13, 2006.

*Nancy Stein Nowak*

11

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE