# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES RUSSELL SMITH, | § | |
| TDCJ  No. 620944, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARISA JARAMILLO, | § | SA-05-CA-0713 NN |
| | § | |
| **Defendant.** | § | |

## ORDER DENYING MOTION FOR NEW TRIAL

This order addresses plaintiff James Smith's motion for new trial.[1]  In the motion, Smith argues that his trial attorney was ineffective and asks for a new trial on grounds of ineffective assistance of counsel under Rule 59 of the Federal Rules of Civil Procedure.

Smith is not entitled to a new trial on those grounds because the right to effective assistance of counsel applies to criminal proceedings, not civil trials,[2] and because Smith was represented by competent counsel at trial.  Rule 59 does not specify available grounds for a new trial, but a "motion for a new trial . . . invoke[s] the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or

---

[1]Docket entry # 133.

[2]U.S. Const., amend. 6 (guaranteeing a criminal defendant to the assistance of counsel for his defense).

instructions to the jury."[3]  In addition, the court may grant a new trial to prevent an injustice.[4]

Smith's motion does not address these reasons for a new trial.

Smith was given a fair trial, aided by competent counsel, but the jury determined that

Smith did not prove his claims against Jaramillo.  The verdict was not against the weight of the

evidence.  Smith may be disappointed in the jury's verdict, but the verdict does not represent an

injustice.  I DENY the motion for new trial (docket entry # 133).

**SIGNED** on July 29, 2008.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3]*Montgomery Ward v. Duncan*, 311 U.S. 243, 251 (1940).

[4]*Gov't Fin. Services One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 774 (5th Cir. 1995).