UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES RUSSELL SMITH, § | | |
| TDCJ  No. 620944, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| MARISA JARAMILLO, § | | SA-05-CA-0713 NN |
| § | | |
| Defendant. § | | |

ORDER CONCERNING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS ON APPEAL AND MOTION FOR TRIAL
TRANSCRIPT

This order addresses plaintiff James Russell Smith's motion to proceed *in forma pauperis* (IFP) on appeal.[1]  Smith's claims against defendant Marisa Jaramillo were tried before a jury on June 23-24, 2008.  The jury returned a verdict in favor of Jaramillo.[2]  I entered a judgment consistent with the verdict on June 26, 2008.[3]  Since that time, Smith filed a notice of appeal to challenge the judgment[4] and asked to proceed on appeal IFP.

An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith.[5]  "The 'good faith' requirement . . . 'is established by the presentation of

---

[1]Docket entry # 139.

[2]Docket entry # 130.

[3]Docket entry # 132.

[4]Docket entry # 138.

[5]28 U.S.C. § 1915(a)(3).

any issue that is not plainly frivolous.'"[6] "A determination of good faith necessitates an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The [c]ourt's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"[7] For the following reason, I certify that Smith's appeal is not taken in good faith.

      Smith has not shown that his appeal is taken in good faith because he did not identify his issues for appeal.[8] Even though he did not identify his issues on appeal, Smith will likely raise the legal issues raised in his motion for new trial[9] on appeal. In his motion for new trial, Smith argued that his trial attorney was ineffective and asked for a new trial on grounds of ineffective assistance of counsel. The order denying the motion for new trial[10] explained that Smith is not entitled to a new trial on those grounds because the right to effective assistance of counsel applies to criminal proceedings, not civil trials,[11] and because Smith was represented by competent counsel at trial. Because Smith received a fair trial—aided by competent counsel—and because the verdict was not against the great weight of the evidence, there are no legal points arguable on their merits for an appeal. I certify Smith's appeal as not taken in good

---

[6]*Hayes v. United States*, 258 F.2d 400, 401-02 (5th Cir. 1958) (internal citation omitted).

[7]*Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (internal citations omitted).

[8]*See* Fed. R. App. Proc. 24(a)(1) (requiring the appellant to state the issues he intends to present on appeal in an affidavit attached to his motion to proceed IFP).

[9]Docket entry # 133.

[10]Docket entry # 136.

[11]U.S. Const., amend. 6 (guaranteeing a criminal defendant to the assistance of counsel for his defense).

faith and DENY his motion to proceed on appeal IFP (docket entry # 139).

Although I have certified that the appeal is not taken in good faith, Smith may challenge this finding pursuant to *Baugh v. Taylor*,[12] by filing a separate motion to proceed on appeal IFP with the clerk of the court of appeals within 30 days of this order. If Smith moves to proceed on appeal IFP, he will be required to pay a partial filing fee and the prison authorities will be directed to collect the fees as calculated in this order.

The filing fee for an appeal is $455.00. Section 1915(b)(1) requires the court to assess an initial partial filing fee of 20% of the greater of either the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his notice of appeal. Smith submitted a copy of his inmate trust account statement, reflecting the deposits into, and balance of, the account for the six months prior to filing his motion. His inmate trust fund account statement reflects $8.33 in average monthly deposits into his prison account for the past six months, and an average monthly balance of $8.59 for the past six months.

I assess an initial partial filing fee of $1.72, which is 20% of the average monthly balance, and this sum shall be deducted by Smith's institution from Smith's institutional trust fund account and forwarded to the clerk of this court (if no such funds are available, the institution shall place a hold on the account in this amount and forward the funds when available). Smith shall pay the remainder of the $455 appeal fee in monthly installments as provided in 28 U.S.C. §1915(b)(2) as funds become available in his institutional trust fund account. Smith's custodial institution shall each month deduct twenty percent (20%) of the preceding month's funds

---

[12] 117 F. 3d 197 (5th Cir. 1997).

credited to Smith's inmate trust account and forward payments to the clerk of the district court, provided the account exceeds $10.00, until the $455 appeal fee is paid, see 28 U.S.C. § 1915(b)(2).

If Smith moves to proceed on appeal IFP, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity responsible for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Smith is currently or subsequently confined.

In light of this court's position on Smith's appeal, I DENY Smith's motion to have the recording of his trial transcribed at no cost (docket entry #140). If Smith applies to the court of appeals for leave to proceed on appeal IFP, and the court of appeals grants the request, Smith will be provided with a copy of the record in this cause.

**SIGNED** on August 19, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE